# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD J. CARROLL, | Case No. 1:17-cv-01312-BAM |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO FILE LODGED FIRST AMENDED COMPLAINT |
| v. | |
| BRANDON PRICE, et al., | (ECF No. 8) |
| Defendants. | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION AS FRIVOLOUS |
| | **FOURTEEN-DAY DEADLINE** |

Plaintiff Ronald J. Carroll ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on October 2, 2017. (ECF No. 1.) Before the Court could screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff lodged a first amended complaint on February 2, 2018. (ECF No. 8.)

At this stage in the proceedings, Plaintiff may amend his complaint once as a matter of course. Fed. R. Civ. P. 15(a). Therefore, the Clerk of the Court shall be directed to file his first amended complaint lodged on February 2, 2018. (ECF No. 8.) In the interest of judicial

1

economy, the Court now turns to screening of the first amended complaint.

**I.  Screening Requirement and Standard**

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... is frivolous or malicious; [or] . . . fails state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.  Plaintiff's Allegations**

In his first amended complaint, Plaintiff alleges as follows:

> I have a comuper Chip Implanted and a wire battery pack in my back. Implanted in me in 1976 in Bainbridge, Ga. After an auto accident Mary Macodonie put an ether mask on my nose and mouth. Placing me unconsious for 13 hours. Scars are stillon back to prove operation. Back was never injuied. Control Center Annonouncer Poisons my mind and body. And uses Electricity to torture me. And uses me to control the weather and mind control all over the world. . Everything is hook up to my spinenal collum and brain, Charges against me were falsified. By said Person . . . Judg, Felex, Bakersfield court ordered A ultrasound in 2006. Never was Done.

(ECF No. 8 at 3) (unedited text).

As relief, Plaintiff seeks an order for an ultrasound viewed by witnesses and removal of the device (and wire and battery pack) on film. *Id.*

**III. Discussion**

A pleading is "factual[ly] frivolous[ ]" when "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25–26 (1992). Section 1915 gives courts "the unusual power to pierce the veil" of a complaint such as that filed by the plaintiff and to "dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.' " *Denton*, 504 U.S. at 32–33 (quoting *Neitzke*, 490 U.S. at 325, 327, 328).

Plaintiff's allegations of an implanted computer chip and battery pack and a control center announcer torturing him, controlling him and using him to control the weather and minds around the world appear to be grounded in delusion, are factually irrational and wholly incredible. Although Plaintiff purports to attach a radiographic report that identifies a thin metallic thread or wire, such report lacks the hallmarks of medical report, including the radiographic image, and appears to have been altered from the original, with multiple typefaces and blank spaces. (ECF No. 8 at 4.) Additionally, Plaintiff's attached "Statement of Truth" is a rambling narrative alleging, among other things, that Mary Macodonie poisoned him by computer "with saved poison urine and monkey dong" and he has been stalked all of his life by a person operating mind control, putting dust through vent and putting hot water through plumbing. (*Id.* at 5-6.) Plaintiff also makes assertions regarding "shooters minds" and lists Ted Bundy and Lee H. Oswald. (*Id.* at 6.)

**IV. Conclusion and Recommendation**

Plaintiff's complaint contains factual allegations that are grounded in delusion, fanciful and irrational and wholly incredible. The Court therefore finds Plaintiff's allegations to be clearly baseless and frivolous. In this instance, no amendment could cure these deficiencies. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (district court should grant leave to amend even if no

request was made, unless the pleading could not possibly be cured by the allegation of other facts). Accordingly, leave to amend would be futile and this action should be dismissed without leave to amend. *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016) (liberality of amendment does not apply when amendment would be futile).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to (1) file Plaintiff's lodged first amended complaint (ECF No. 8); and (2) randomly assign a District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that Plaintiff's first amended complaint be dismissed, without leave to amend, as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 1, 2018**         /s/ Barbara A. McAuliffe
                                UNITED STATES MAGISTRATE JUDGE